**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-2098**

ROSETTE ZETCHEM,

                                              Petitioner,

        versus

ALBERTO R. GONZALES, Attorney General,

                                              Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A95-254-990)

Submitted:  April 26, 2006            Decided:  June 7, 2006

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Danielle Beach-Oswald, NOTO & OSWALD, PC, Washington, D.C., for
Petitioner.  Peter D. Keisler, Assistant Attorney General, James A.
Hunolt, Senior Litigation Counsel, Jason S. Patil, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Rosette Zetchem, a native and citizen of Cameroon, petitions for review of a Board of Immigration Appeals' ("Board") order adopting and affirming the immigration judge's decision denying her applications for asylum, withholding of removal and withholding under the Convention Against Torture. We deny the petition for review.

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). It defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). An applicant can establish refugee status based on past persecution in her native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2005). "An applicant who demonstrates that [s]he was the subject of past persecution is presumed to have a well-founded fear of persecution." Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004) (alteration added). To establish eligibility for withholding of removal, an alien must show a clear probability that, if she was removed to her native country, her "life or freedom would be threatened" on a protected ground. 8 U.S.C. § 1231(b)(3)(A) (2000); see Camara v. Ashcroft, 378 F.3d 361, 370 (4th Cir. 2004). An applicant has the burden of

demonstrating her eligibility for asylum. 8 C.F.R. § 1208.13(a) (2005); Gonahasa v. INS, 181 F.3d 538, 541 (4th Cir. 1999). Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer specific, cogent reasons for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). This court accords broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara, 378 F.3d at 367.

A determination regarding eligibility for asylum or withholding of removal is conclusive if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2000). This court will reverse the Board "only if the evidence presented by the petitioner was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citation omitted).

We find substantial evidence supports the immigration judge's findings that Zetchem was not credible and she failed to provide reliable corroborative evidence supporting her claim. Accordingly, the evidence does not compel a different result with

respect to her applications for asylum and withholding from removal. We further find the immigration judge did not err in denying the application for withholding under the Convention Against Torture. Zetchem failed to submit reliable independent evidence showing it was more likely than not she will be tortured if she returns to Cameroon.

Accordingly, we deny the petition for review. We also deny Zetchem's second motion for a stay of deportation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

- 4 -